

FILED

03 NOV 12  AM 9: 54

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LANCE TEBLUM,
BERNADETTE TEBLUM,
JOYCE BRINDLE F/K/A JOYCE CUNLIFFE,
NANCY CIVITARESE,
RHONDA KLINE,

    Plaintiff(s)                       CASE NO.2:03-CV-495-FTM-29DNF

ECKERD CORPORATION OF FLORIDA, INC.
And ECKERD CORPORATION,

       Defendant(s)

_____/

### PLAINTIFFS' MOTION TO ALLOW NATIONWIDE NOTIFICATION PURSUANT TO 29 U.S.C. § 216(B)

COMES NOW the Plaintiffs LANCE TEBLUM, BERNADETTE TEBLUM, JOYCE BRINDLE f/k/a JOYCE CUNLIFFE, NANCY CIVITARESE and RHONDA KLINE, on behalf of themselves and all others similarly situated, by and through their undersigned counsel, and hereby moves this Honorable Court for an Order, authorizing notification to all similarly situated potential Opt-In Plaintiffs, and in support thereof state as follows:

The Fair Labor Standards Act, at 29 U.S.C. § 216(b) (hereinafter referred to as "FLSA"), provides that an action for unpaid overtime compensation may be maintained by "…any one or more employees for and on behalf of [themselves]…and other employees similarly situated." The Complaint in the instant action alleges that Plaintiffs, as well as the potential Opt-In Plaintiffs

have been damaged as a result of Defendants' failure to properly compensate them for all hours they worked in violation of the FLSA. To date 45 individuals from Texas, Florida and North Carolina have elected to opt in to this suit but there are others who are not aware of this suit or aware of their rights to proceed in this forum.

The potential Opt-In Plaintiffs who may join this action, are current and former employees of Defendants Eckerd, who were employed as Photo-Lab Managers/Supervisors. These positions include Photo-Lab Managers and Photo-Lab Supervisors who are or were subject to the pay policies, practices, and procedures described in the paragraphs below and more fully in the Memorandum filed in support of this Motion. Plaintiffs seek to notify all such Photo-Lab Managers/Supervisors who Defendants employed at any time from July 14, 2000 to the present.

This Court should authorize and facilitate notice of this FLSA suit to the potential Opt-In Plaintiffs if it finds there are other similarly situated employees who desire to opt-in to the lawsuit. As more fully discussed in Plaintiffs' Memorandum, Plaintiffs and the potential Opt-In Plaintiffs performed essentially the same function; had the same duties and responsibilities; and were all improperly classified as exempt from the overtime provisions of the FLSA. Moreover prior to this Motion being filed without the benefit of notification similarly situated current or former personnel who worked for Eckerd in Texas, Florida and North Carolina, have filed Consents to become Party Plaintiffs in this action. Plaintiffs have a reasonable good faith basis to believe there are numerous additional " similarly situated" persons throughout the United States, who if provided with appropriate notice, would also choose to opt-in to this action.

Notification to the potential Opt-In Plaintiffs should be drafted to provide the most effective and efficient means of advising those current and former employees of their rights. To that end Plaintiff proposes a direct mail notification.

The notice Plaintiffs propose to mail is attached to Plaintiffs' Memorandum as Exhibit V. Along with the mailed Notice, Plaintiffs' propose to include a Consent to Become Party Plaintiff, a form of which is attached to Plaintiffs' Memorandum as Exhibit W. Plaintiffs' have attached to their Memorandum, a single Request for Production requesting, in electronic form, the name, last known address and telephone number of all current and former Photo-Lab Managers/Supervisors who were misclassified as exempt, and thus not paid overtime, at any time from July 14, 2000 to the present, attached as Exhibit X.

Based upon the foregoing, Plaintiffs request this Honorable Court to enter an Order granting Plaintiffs' Motion to Allow Nationwide Notification Pursuant to 29 U.S.C. § 216(b), and provide:

1.  That the Defendants shall produce, within two weeks of the date Plaintiffs' Motion is granted, in electronic form, the names, and last known addresses of all current and former Photo-Lab Managers/Supervisors, as that term is defined in the Complaint, throughout the Eckerd system, who were classified as exempt from the provisions of the Fair Labor Standards Act from July 14, 2000 forward.

2.  That the Plaintiffs, through their undersigned counsel, shall send, within four weeks of the date that Plaintiffs' Motion is granted, the Notices and the Consent, attached to Plaintiffs' Motion, Exhibits  V and W, respectively, to all such current and former Photo-Lab Managers/ Supervisors;

3.  That potential Opt-In Plaintiffs shall have three months from the date Plaintiffs' Motion is granted to file their Consents with the Court.

4.   That the case management order be amended to comply with this Motion.

5.   For such other and further relief as the court deems just and proper.

Dated this ___12___ day of _Noᴜember_ , 2003.

Respectfully submitted,

By:_____

Bill B. Berke
Florida Bar # 558011
Berke & Lubell
1003 Del Prado Blvd.
Suite 300
Cape Coral, FL 33990

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the PLAINTIFFS' MOTION

TO ALLOW NATIONWIDE NOTIFICATION PURSUANT TO 29 U.S.C. § 216(b) was

sent via U.S. Mail this ___12___ day of _Noᴜember_ , 2003 to: Michael Pancier

Esq., ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A. 300 Las Olas Place-

Suite 860, 300 SE 2nd Street, Fort Lauderdale, FL 3330.

Bill B. Berke

## IMPORTANT NOTIFICATION TO POTENTIAL CLASS MEMBERS

TO:    **ALL CURRENT OR FORMER PHOTO-LAB MANAGERS AND SUPERVISORS WHO WERE EMPLOYED AT ANY TIME SINCE JULY 14, 2000 BY ECKERD CORPORATION OF FLORIDA, INC. OR ECKERD CORPORATION.**

FROM: BERKE & LUBELL, P.A., COUNSEL FOR PLAINTIFFS

RE:  RIGHT TO JOIN LAWSUIT TO RECOVER UNPAID OVERTIME COMPENSATION

DATE: OCTOBER 2003

1.    PURPOSE OF NOTICE

The purpose of this notification is to inform you of the existence of a collective action lawsuit in which you are potentially eligible to participate because you may be " similarly situated" to the named Plaintiffs. This notification is also intended to advise you how your rights under the Federal Fair Labor Standards Act (the "ACT") may be affected by this lawsuit, and to instruct you on the procedure for participating in this suit, should you decide that it is appropriate and you choose to do so.

2.    DESCRIPTION OF THE LAWSUIT

This lawsuit has been brought by Lance Teblum, Bernadette Teblum, Joyce Brindle f/k/a Joyce Cunliffe, Nancy Civitarese and Rhonda Kline ("Plaintiffs") against Eckerd Corporation of Florida, Inc. and Eckerd Corporation ( collectively referred to as "Eckerd") in the United States District Court for the Middle Division of Florida, Case No. 2:03-CV-495-FTM-29DNF, before Judge Steele. The lawsuit alleges that Eckerd failed to provide overtime compensation as required by the Act. Plaintiffs' lead counsel in this case is:

Bill B. Berke<br>
Berke & Lubell, P.A.<br>
1003 Del Prado Blvd.<br>
Suite 300<br>
Cape Coral, FL 33990<br>
Telephone: (239) 549-6689<br>
Fax: (239) 549-3331

Generally, the overtime provisions of the Act require that, for all hours over forty hours per week that an employee works, the employer must compensate the employee at the rate of one and one-half times his or her regular hourly rate, unless that employee is properly classified as "exempt" from the overtime provisions of the Act. The Plaintiffs in this lawsuit claim that during one or more weeks of their employment with Eckerd, they worked in excess of forty hours, but was not paid overtime at the rate of one and one-half times their hourly rate for the hours they worked in excess of forty.

Plaintiffs allege that they were not properly paid for their overtime hours due to Eckerd's deliberate misclassification of Plaintiffs as exempt from the overtime provisions of the Act.

Plaintiffs are suing to recover unpaid overtime compensation for the period from July 14, 2000, to the present.

3.   COMPOSITION OF THE CLASS

The named Plaintiffs seek to sue on behalf of themselves and also on behalf of other employees with whom they are similarly situated. Those that Plaintiffs allege are similarly situated are those current and former Photo-Lab Managers and Supervisors of Eckerd at any time from July 14, 2000, to the present.

This Notification is only for the purpose of determining the identity of those persons who wish to be involved in this case and has no other purpose. Your right to participate in this suit may depend upon a later decision by the United States District Court that you and the representative Plaintiffs are actually "similarly situated."

4.   YOUR RIGHT TO PARTICIPATE IN THIS SUIT

If you fit the definition above, that is, you were employed as a Photo-Lab Manager or Supervisor anytime since July 14, 2000, and worked overtime hours for which you were not compensated, you may have a right to participate in this lawsuit.

5.   HOW TO PARTICIPATE IN THIS LAWSUIT

Enclosed you will find a form entitled "Consent to Become a Party Plaintiff" ("Consent Form"). If you choose to join this lawsuit, and thus participate in any recovery that may result from this lawsuit, **it is extremely important that you read, sign and return the Consent Form.** An addressed and postage paid envelope is enclosed for your convenience. Should the enclosed envelope be lost or misplaced, the Consent Form should be sent to:

Overtime Lawsuit Against Eckerd
Berke & Lubell, P.A.
1003 Del Prado Blvd,
Suite 300
Cape Coral, FL 33990

The signed Consent Form must be postmarked by_____2003. **If your signed Consent Form is not postmarked by _____2003, you will not participate in any recovery obtained against Eckerd in this lawsuit.** If you have any questions about filling out or sending the Consents, please contact Plaintiffs' counsel listed on page one of this notice.

6.    NO RETALIATION PERMITTED

It is a violation of Federal law for Eckerd to discharge, or in any manner discriminate or retaliate against you for taking part in this case. If you believe that you have been penalized, discriminated against or disciplined in any way as a result of your receiving this notification, considering whether to join this lawsuit or actually joining this suit, you should contact Plaintiffs' counsel immediately.

7.    EFFECT OF JOINING THIS SUIT

If you choose to join in this lawsuit, you will be bound by the judgment, whether it is favorable or unfavorable. You will also be bound by, and will share in, any settlement that may be reached on behalf of the class.

By joining this lawsuit, you designate the representative Plaintiffs as your agent to make decisions on your behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning fees and costs, and all other matters pertaining to this lawsuit. These decisions and agreements made and entered into by the representative Plaintiffs will be binding on you if you join this lawsuit.

The representative Plaintiffs in this matter have entered into a contingency fee agreement with Plaintiffs' counsel, which means that if there is no recovery, there will be no attorneys fees or costs chargeable to you. If there is a recovery, Plaintiffs' counsel will receive a part of any settlement obtained or money judgment entered in favor of all members of the class. You may request a copy of the contingency fee agreement executed by the Plaintiffs in this matter from Plaintiffs' counsel at the address, telephone number or facsimile number that appears on page one of this notice.

8.    NO LEGAL EFFECT IN NOT JOINING THIS SUIT

If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this case, whether favorable or unfavorable to the class. You will not be entitled to share any amounts recovered by the class. You will be free to file your own lawsuit, subject to any defenses that might be asserted. The pendency of this suit will not stop the running of the statute of the limitations as to any claims you might have until you opt-in to it.

9.   FURTHER INFORMATION

Further information about this Notification or the lawsuit may be obtained from Plaintiffs' counsel at the address, telephone number or facsimile number on page one of this notice.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

LANCE TEBLUM,
BERNADETTE TEBLUM,
JOYCE BRINDLE F/K/A JOYCE CUNLIFFE,
NANCY CIVITARESE,
RHONDA KLINE,

                Plaintiffs                             **CASE NO: 2:03-CV-495-FtM-29DNF**

ECKERD CORPORATION OF FLORIDA, INC. et al,

                Defendants

_____/

## <u>CONSENT TO BECOME A PARTY PLAINTIFF, PHOTO OVERTIME</u>

By my signature below, I hereby authorize the filing and prosecution of the above-styled action in my name and on my behalf by the above representative Plaintiffs and designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an argreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

I certify that to the best of my knowledge:

1. I have worked for Eckerd in the last three years;
2. During those three years, I worked in excess of forty hours.
3. During those three years, I did not receive overtime pay at time and one half.

_____

Signature                    Date                    Print Name



# CONTACT INFORMATION

_____

NAME

_____

STREET ADDRESS

_____

CITY, STATE  ZIP

_____

TELEPHONE NUMBER                    E-MAIL

_____

SOCIAL SECURITY NUMBER

PLEASE KEEP US INFORMED OF ANY CHANGES TO THE ABOVE
INFORMATION. THANK YOU.

RETURN FORM TO:

ECKERD OVERTIME CLASS ACTION LAWSUIT
BERKE & LUBELL P.A.
1003 DEL PRADO BLVD.
SUITE 300
CAPE CORAL, FLORIDA 33990

If you have any additional questions, feel free to contact the law firm above at
239-549-6689 ( M-F 9AM-5PM)
239-549-3331 FAX

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

LANCE TEBLUM,
BERNADETTE TEBLUM,
JOYCE BRINDLE F/K/A JOYCE CUNLIFFE,
NANCY CIVITARESE,
RHONDA KLINE,

        Plaintiff(s),

vs.                        **CASE NO: 2:03-CV-495-FTM-29-DNF**

ECKERD CORPORATION OF FLORIDA, INC.
ECKERD CORPORATION,

        Defendant(s),
_____/

## <u>PLAINTIFF'S REQUEST TO PRODUCE TO DEFENDANT</u>

      Plaintiffs, LANCE TEBLUM, BERNADETTE TEBLUM, JOYCE BRINDLE f/k/a JOYCE CUNLIFFE, NANCY CIVITARESE, RHONDA KLINE, by and through the undersigned attorney, hereby requests the Defendant(s), ECKERD CORPORATION OF FLORIDA INC. and ECKERD CORPORATION, to produce the items and matters hereinafter set forth.

      PLAINTIFFS REQUESTS THAT ALL COPIES OR ITEMS PRODUCED BE IN ELECTRONIC FORM.

      The items and matter to be produced are as follows:

1.  The name, last known address and telephone number of all current and former Photo-Lab Managers/Supervisors who worked for Eckerd Corporation of Florida Inc., and Eckerd Corporation from July 14, 2000 to present to be produced in electronic form.



BERKE & LUBELL, P.A.

Attorney for Plaintiff
1003 Del Prado Boulevard
Suite 300
Cape Coral, FL  33904
(239) 549-6689

BY: _____
        Bill B. Berke
        Florida Bar #558011

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the above and foregoing has been furnished by regular United States Mail to Michael A. Pancier, ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A., 300 Las Olas Place, Suite 860, 300 SE 2nd Street, Fort Lauderdale, FL 33301 this _12_ day of _November_, 2003.

BERKE & LUBELL, P.A.
Attorney for Plaintiff(s)
1003 Del Prado Boulevard, Ste. 300
Cape Coral, FL 33990
(239) 549-6689

BY: _____
        Bill Berke
        Florida Bar #558011

tm