UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
Case No. 2:03-cv-495-FtM-29DNF

LANCE TEBLUM, BERNADETTE TEBLUM,
JOYCE BRINDLE *f/k/a* JOYCE CUNLIFFE,
NANCY CIVITARESE, RHONDA KLINE,

     Plaintiffs,

v.

ECKERD CORPORATION OF FLORIDA, INC.,
and ECKERD CORPORATION,

     Defendants.

_____/

### DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW NATIONWIDE NOTIFICATION PURSUANT TO 29 U.S.C. § 216(b)

Defendants, by and through their undersigned counsel, file this, their opposition to Plaintiffs' Motion to Allow Nationwide Notification pursuant to 29 U.S.C. § 216(b), hereinafter "Motion to Allow Notification"), and state the following:

### Statement of the Case

1.    Plaintiffs filed the above-captioned action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, 207, 216(b), ("FLSA"), on behalf of themselves and all others similarly situated. Plaintiffs allege that they were either photo-lab supervisors and/or photo lab managers for the Defendant, ECKERD CORPORATION, who did not receive overtime for hours worked in excess of 40. See Complaint & Demand for Jury Trial.

2.    Defendants contend that the positions were exempt, and to the extent they were not exempt, all of these positions were and continue to be properly compensated pursuant to a

1



fluctuating workweek agreement as permitted by 29 C.F.R. § 778.114 and 29 U.S.C. § 207(f) to which each and every employee executed.

3.    On, November 13, 2003,  Plaintiffs filed their motion for nationwide notification to all of Defendant's photo-lab supervisors and/or photo lab managers to notify them of their opt-in rights.  Plaintiffs in their motion argue that "This Court should authorize and facilitate notice of this FLSA suit to the potential Opt-In Plaintiffs *if it finds there are other similarly situated employees who desire to opt-in to the lawsuit.*" (Motion, p. 2, emphasis added).  Plaintiffs' motion essentially asks this Court to put the cart before the horse. Plaintiffs' motion is devoid of any evidence that there are other employees, current or former, who are similarly situated to the Plaintiffs and who desire to join this matter as an opt-in plaintiff; this is a prerequisite for class notification. The absence of Plaintiffs establishing this prerequisite is a mandatory basis to deny their motion. Furthermore,  the Plaintiffs have failed to meet the burden necessary for the establishment of a nationwide  collective action. Thus, Defendants submit that the Plaintiffs' motion should be denied.

## ARGUMENT

### POINT I

#### Plaintiffs' Motion to Allow Notification Should Be Denied Because They Have Failed to Satisfy Their Burden of Demonstrating a Reasonable Basis for a Collective Action.

Pursuant to the FLSA, an action for alleged unpaid overtime compensation may proceed on behalf of "one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. §216(b). However, whether to permit an FLSA claim to proceed as a so-called collective action is committed to the sound discretion of the district court, *see* <u>Dybach v. State of Florida Dep't of Corrections</u>,  942 F.2d 1562 (11th Cir. 1991); and

an FLSA plaintiff must demonstrate a "reasonable basis" for class-wide treatment of her FLSA claims. *See* Grayson v. K- mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996); Haynes v. Singer Co., Inc., 696 F.2d 884, 887 (11th Cir. 1983).

Defendants agree with Plaintiffs that under controlling law, the process for establishing a collective action under the FLSA is two-fold. The first step, typically referred to as the "notice" phase, begins when a plaintiff seeks court authorization to issue notice of the lawsuit to other potential plaintiffs. *See* Brooks v. BellSouth Telecoms., Inc., 164 F.R.D. 561, 567 (N.D. Ala. 1995), *aff'd* , 114 F.3d 1202 (11th Cir. 1997). At the notice phase, the courts utilize the relatively lenient standard of whether the proposed class members are similarly situated. If they are found to be similarly situated, the court  conditionally certifies the class. *See, e.g.,* Mooney v. Aramco Serv. Inc., 54 F.3d 1207, 1213-1214 (5th Cir. 1995).

In Dybach v. Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991), the Eleventh Circuit held that in order to be "similarly situated" for the purposes of a FLSA collective action, employees must be similarly situated with respect to job requirements and pay provisions. The determination of whether employees are similarly situated may be based on the pleadings and affidavits. *See* Mooney, 54 F.3d at 1214 (citing Grayson v. K-Mart Corp., 79 F.3d 1086 (11th Cir. 1996)). The burden is on the Plaintiffs to establish "a reasonable basis for crediting their assertions that aggrieved individuals [exist] in the broad class that they [propose]." Haynes v. Singer Co., 696 F.2d 884, 887 (11th Cir. 1983).

The second step commences after the potential class members have filed their respective consent forms to "opt-in" to the action and discovery has been conducted. *See, e.g.,* Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217-18 (11th Cir. 2001), *cert. denied,* 534 U.S. 1127 (2002). At that stage, the defendant can move to decertify the class based upon evidence that the class members are not in fact similarly situated. If decertification is granted, the lead plaintiffs

would then proceed to trial on their individualized claims, while the opt-in members would be dismissed without prejudice. Id. at 1218.

With respect to the first step of the analysis, prior to granting a motion for class notification, the Court "should satisfy itself that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." Dybach, 942 F.2d at 1567-68. In the instant case, Plaintiffs' affidavits are woefully deficient as Plaintiffs have failed to provide sufficient factual support for their claim that other photo lab managers and/or supervisors, who allegedly worked overtime and were not paid in compliance with the FLSA, who have not yet opted-in, desire to opt-in to this action. While the Plaintiffs in their memorandum of law state that they are aware of "other individuals who were not paid the correct amount for overtime hours," no such evidence has been presented in the form of an affidavit or otherwise to support this conclusion, nor has any evidence been proffered to indicate that these so-called individuals wish to opt-in to this action. Plaintiffs' affidavits do not identify: (1) who these potential opt-in plaintiffs are; (2) where these alleged potential opt-in plaintiffs worked; (3) what positions these alleged potential opt-ins held; or (4) whether the affiant in fact worked with the alleged potential opt-ins. Significantly, the Plaintiffs also do not describe how they know that the alleged potential opt-in plaintiffs worked overtime hours for which they allegedly were not properly compensated. Such statements are merely conclusory for which Plaintiffs provide no foundation or basis in fact and, therefore, do not satisfy their obligation to demonstrate that others wish to join this action. See Haynes v. Singer Co.. Inc., 696 F.2d 884 (11th Cir. 1983).

In fact, in Peters v. Mastec North America, Inc., Case No. 02-CIV-60202-ZLOCH, the district court, like in the instant case, was faced with a plaintiff seeking to notify potential class members in a misclassification case. Judge Zloch denied the Motion, and found:

Notably, Johnson's declaration fails to supply any evidence showing 1) that any of the other "office staff's" desire to opt-in to the Plaintiff's claim...Moreover, the Court notes that every case the Plaintiff has relied upon in support of the instant motion, has at least had multiple opt-in plaintiffs or multiple named plaintiffs who had provided evidentiary support for notification.   The instant action has neither.   Rather, Johnson's unsworn declaration is the only evidence supporting the Plaintiff's motion.

Peters at p. 3. (A copy of the Peters decision is attached hereto as Exhibit "A").

Most recently, the U.S. District Court for the Southern District of New York reached a similar conclusion in the matter of Levinson v. Primedia, Inc., 2003 WL 22533428 (S.D.N.Y. November 6, 2003). In Levinson, another misclassification case,  the district court denied the plaintiffs' petition to notify all class members as they did not meet their evidentiary burden. The court noted:

> Plaintiffs have failed to meet their burden. While the factual showing that they must make at this stage is "modest," Id., it must be "sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Id.  ...   While plaintiffs have provided factual assertions in support of the claim that *they* were in an employee-employer relationship with defendants, and that *they* were deprived of a minimum wage and overtime rates, they have failed to make a sufficient showing that the same was true for other potential plaintiffs ... With regard to the assertion that defendants acted as employers to plaintiffs and potential plaintiffs, plaintiffs allege that defendants have the "company-wide" policy of "[m]isclassifying guides as independent contractors exempt from the overtime requirements of the FLSA," but they fail to support this legal conclusion with a factual showing that extends beyond their own circumstances . . . Even if the assertion, found in each of plaintiffs' affidavits submitted to the court, that "All guides worked under the same contracts," were true, this would not constitute a showing that defendants' compensation structure violated the law. The compensation schedules may lack a provision for overtime rates or a guaranteed minimum wage, but it is only when this evidence is combined with evidence such as that provided in connection with the existing plaintiffs, of hourly rates below minimum wage, or overtime hours without overtime pay, that the necessary showing becomes possible. Plaintiffs' attempts to broaden their allegations beyond the existing plaintiffs are insufficiently specific to make such a showing. [emphasis in original].

5

Id. at pp. 1-2, *quoting* Hoffman v. Sbarro, Inc., 982 F.Supp. 249, 261 (S.D.N.Y. 1997).

As in the above referenced cases, in the instant case, the affidavits submitted by the Plaintiffs merely state that *they* were employed by Eckerd, that *they* worked overtime, and that *they* did not receive pay at the rate of time-and-one-half. Plaintiffs, however, have failed to make a sufficient showing that the same was true for other potential plaintiffs. Plaintiffs failed to proffer any evidence whatsoever that there are other "similarly situated employees" who desire to opt in; absent this evidence, nationwide notice to potential opt-in plaintiffs would be inappropriate. None of the affidavits submitted by Plaintiffs provide sufficient factual support to satisfy their burden to demonstrate that other photo-lab managers and/or supervisors, who have not yet opted-in, desire to opt-in to this action. The affidavits do not identify: (1) where these alleged potential opt-in plaintiffs worked; (2) what positions these alleged potential opt-ins held; or (3) whether the affiants in fact worked with the alleged potential opt-ins. Significantly, the affiants fail to allege or describe if they know the alleged potential opt-in plaintiffs worked overtime hours for which they allegedly were not compensated.

In their Motion to Allow Notification, Plaintiffs place considerable stock in the fact that "[t]o date 45 individuals from Texas, Florida and North Carolina have elected to opt in to this suit...." See Motion p. 2. Plaintiffs further emphasize that these opt-in plaintiffs have so joined this action without the benefit of notification or discovery from Defendant. Contrary to the inference Plaintiffs wish the Court to draw from these circumstances, there is nothing miraculous or particularly persuasive about the number or identity of those who already have opted into this action. The only reasonable inference is that Plaintiffs and/or their counsel solicited each of the opt-in plaintiffs to join the instant case. In fact, this case has received considerable press attention. On September 3-4, 2003, this case received nationwide press coverage. Furthermore,

currently, on the website www.bigclassaction.com, there is a solicitation page seeking plaintiffs to join in this action. See attached composite Exhibit "B".

In sum, the Plaintiffs' motion fails to meet the necessary criteria under Dybach to justify nationwide class notification of the pendency of this lawsuit. Accordingly,  the Plaintiffs' motion should be denied.

## POINT II

### Plaintiffs' Proposed Notice and Consent Form

### Plaintiffs' Proposed Class Notification Form Contains Improper And/Or Irrelevant Matters And Must Therefore Be Rejected.

While Eckerd submits that nationwide class notification should be denied for the multiple reasons set forth above,  should this Court decide that preliminary notification is appropriate, Defendants submit that the proposed notice and consent form are inappropriate and should be rejected.

The form and content of class notices are committed to the sound discretion of the trial court. *See* Mangone v. First USA Bank, 206 F.R.D. 222, 231 (S.D. Ill. 2001). It is axiomatic, however, that such court-approved notices sent to potential class members cannot encourage potential class members to join the suit or imply that the court approves of the suit on the merits. Specifically, Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims. In exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to judicial neutrality. To that end, courts must take care to avoid even the appearance of judicial endorsement of the merits of the action. Hoffman-La Roche, 493 U.S. at 174.

In their proposed notification to potential class members, Plaintiffs have included improper and/or irrelevant matters. Indeed, the proposed form amounts to a solicitation of claims for Plaintiffs' counsel, rather than an identification of the class for case management purposes.

7

Further, Plaintiffs have mischaracterized Eckerd's alleged actions in this lawsuit to such an extent that the proposed notice has lost any claim to neutrality.

First, in their proposed notice, Plaintiffs direct potential class members to Plaintiffs' counsel for further information on the lawsuit or for assistance with the Notice of Consent. Moreover, the proposed notice of consent suggested by the Plaintiffs requires that each potential opt in Plaintiff enter an agreement with Plaintiffs' counsel. Thus, the context of the notice leads one to believe that if a potential class member opts-in to the lawsuit, they have no choice but to be represented by Plaintiffs' counsel. In fact, nowhere in the proposed notice are recipients informed of their right to obtain independent legal representation. As such, the proposed notice is undeniably misleading and must be rejected by this Court. Indeed, in a similar case, the district court rejected the proposed notice offered by the plaintiffs for that very same reason: the notice did not explain the right of each potential class member to obtain independent legal representation. *See* Walker v. Mountain States Tel. & Tel. Co., 112 F.R.D. 44, 48 (D. Colo. 1986). Furthermore, the proposed notice requires that consents be mailed directly to Plaintiffs' counsel rather than to the clerk of the court.

Further, the notice also states that if the recipient believes he or she has been discriminated or retaliated against because of his or her connection with this case, he or she is to immediately contact Plaintiffs' counsel. Clearly, this paragraph is pure solicitation and should not be a part of the notice. These issues ("discrimination" and "retaliation") are not a part of this lawsuit nor are they alleged in the Complaint. The sole purpose of the notice is to inform potential class members of the existence of the lawsuit and allow them to opt-in, if they so desire. Thus, the notice should not be used as a forum to garner support for additional claims. Further, including such claims in the notice may confuse the recipients of the notice as to the purpose of this collective action.

Finally, the proposed notice characterizes the basis of the lawsuit in such a manner as to imply that Eckerd has in fact acted illegally. Specifically, Plaintiffs state in the proposed notice that "they were not properly paid for their overtime hours due to Eckerd's deliberate misclassification of Plaintiffs as exempt from the overtime provisions of the Act." Further, nowhere in the proposed notice do Plaintiffs address Eckerd's position with respect to this action. As noted above, the law requires that opt-in notices be neutral. As such, any notice approved by this Court should be required to provide a more neutral summary of the case, including Eckerd's position.

In the event the Court authorizes notification to potential class members, Eckerd respectfully submits that the proposed Notice, attached hereto as Exhibit "D", be accepted by the Court in place of the Plaintiffs' proposed Notice. This Notice was designed to correct the defects in the Plaintiffs ' proposed Notice, and is similar to a Notice previously approved by the district court for the Southern District of Florida in the unrelated matter of Stone v. First Union Corp., 203 F.R.D. 532, 537 (S.D. Fla. 2001). (A courtesy copy of the Notice filed in the Stone case is attached hereto as Exhibit "C").

Finally, Plaintiffs' proposed notice fails to notify the potential class members that they may be held liable for their pro-rata share of the litigation costs in this case should they fail to prevail in this action. Accordingly, Defendants submit their proposed notice and consent form copies of which are attached hereto as Exhibit "D", should this Court deem nationwide notification is appropriate at this time.

## Conclusion

Based on the foregoing, Defendant respectfully requests the Court to deny Plaintiff's

Motion and to award such other relief as the Court deems just and proper.

Dated: December 2, 2003

Respectfully submitted,

ROTHSTEIN, ROSENFELDT,
DOLIN & PANCIER
**Attorneys for Defendant**
300 Las Olas Place, Suite 860
300 SE 2nd Street
Fort Lauderdale, FL  33301
954-522-3456/954-522-8663

By:_____
     Susan L. Dolin
     FL Bar No. 708690
     Michael A. Pancier
     FL Bar No. 958484

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the NOTICE OF REMOVAL

were delivered via U.S. Mail on December 2, 2003 to:

Bill B. Berke, Esq.
Berke & Lubell, P.A.
1003 Del Prado Blvd., Suite 300
Cape Coral, FL 33990

Respectfully submitted,

Susan L. Dolin
FL Bar No. 708690
Michael A. Pancier
FL Bar No. 958484
ROTHSTEIN, ROSENFELDT, DOLIN & PANCIER, P.A.
COUNSEL FOR DEFENDANTS
300 Las Olas Place – Suite 860
300 S.E. 2nd Street
Fort Lauderdale, FL 33301
TEL: (954) 522-3456
FAX: (954) 527-8663
Email: mpancier@rrdplaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 02-60202-CIV-ZLOCH

```
┌─────────────────────┐
│ FILED by        D.C. │
│                      │
│    ᴺ 1   ʳ⁰⁰⁷        │
│                      │
│  S. OF FLA Ft. LAUD. │
└─────────────────────┘
```

LORI PETERS,

      Plaintiff,

vs.                                            **O R D E R**

MASTEC NORTH AMERICA, INC.,
a Florida corporation f/d/b/a
Designed Installation Co.,

      Defendant.
_____/

    THIS MATTER is before the Court upon the Plaintiff, Lori Peters' Motion To Allow Notification Of Potential Class Members Pursuant To 29 U.S.C. § 216(b) (DE 12). The Court has carefully reviewed said Motion and the entire Court file and is otherwise fully advised in the premises.

    The Plaintiff, Lori Peters, who was formerly employed by the Defendant, Mastec North America, Inc., as an "Administrative Assistant," has brought a claim against the Defendant for failure to pay her overtime compensation in violation of the Fair Labor Standards Act of 1938 (hereinafter "the FLSA"), 29 U.S.C. § 201, et seq. Through the instant Motion (DE 12) she requests that the Court supervise notification of all similarly situated employees of the Defendant, including "Administrative Assistants and/or those employees who performed secretarial and/or clerical work, data entry, payroll, collections, payables, receivables," of their right



EXHIBIT

**A**

24

to opt-in to her claim.

The Court may authorize notice of a suit brought pursuant to the FLSA if the plaintiff demonstrates that (1) there are other employees of the defendant who wish to opt-in; and (2) that these other employees are similarly situated to the plaintiff with regard to their job requirements and pay provisions. <u>Dybach v. State Of Florida Dep't Of Corr.</u>, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The plaintiff may meet this burden, which is not heavy, by making detailed allegations supported by affidavits. <u>See</u> <u>Grayson v. K-Mart Corp.</u>, 79 F.3d 1086, 1097 (11th Cir. 1996); <u>Harrison v. Enter. Rent-A-Car Co.</u>, 1998 WL 422169, *2 (M.D. Fla. 1998).

Here, the Court finds that Plaintiff has failed to meet her burden. The only evidence which the Court has received from the Plaintiff is that which is contained in the unsworn declaration of opt-in Plaintiff Judith Johnson (DE 12). This declaration states only the following regarding other employees of the Defendant:

2.  I was employed by the Defendant and held the position of Project Manager's Assistant. My duties were to help the Project Manager with preliminary paper work and ongoing job problems and changes. I never had any decision-making authority when it came to this work. I deferred to the project manager for any decisions regarding these projects.

3.  When I was hired in 1994, all the office staff was paid

2

> on an hourly basis and received overtime after 40 hours. Then
> in 1996 the management of Mastec (Designed Traffic
> Installation Co) decided that it would be cost effective to
> put all of the office staff on salary. The management then
> gave everyone a raise and we were told that since we were now
> salaried, we were expected to work the hours in a day that was
> necessary to get the work done.

Notably, Johnson's declaration fails to supply any evidence showing
(1) that any of the other "office staff's" desire to opt-in to the
Plaintiff's claim; and (2) that the other "office staff" employed
by the Defendant have similar duties with respect to their job
requirements and pay provisions. Moreover, the Court notes that
every case the Plaintiff has relied upon in support of the instant
motion, has at least had multiple opt-in plaintiffs or multiple
named plaintiffs who have provided evidentiary support for
notification. The instant action has neither. Rather, Johnson's
unsworn declaration is the only evidence supporting the Plaintiff's
motion. The Court is aware of the lenient standard regarding
notification to potential class members, however, here the Court
finds that the Plaintiff has not made detailed allegations of class
wide overtime violations supported by affidavits which successfully
engage the Defendant's affidavit to the contrary. Hipp v. Liberty
National Ins. Co, 252 F.3d 1208, 1219 (11th Cir. 2001) citing
Grayson, 79 F.3d at 1097. Consequently, the Court will not permit

the widespread notification of current and former employees of Mastec of the instant action without the sufficient showing under Dybach.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that the Plaintiff, Lori Peters' Motion To Allow Notification Of Potential Class Members Pursuant To 29 U.S.C. § 216(b) (DE 12) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this _____ day of June, 2002.


WILLIAM J. ZLOCH
Chief United States District Judge


Copies furnished:

Stuart A. Rosenfeldt, Esq.
For Plaintiff

James C. Polkinghorn, Esq.
For Defendant

4



# Herald.com



**Click here to try myHerald.com for free!**

News | Business | Sports | Entertainment | Tropical Life | City Guide | Shopping | Jobs | Cars | Homes


**SUZUKI**

Search [Articles-last 7 days] for [_____]

Back to Home >                                         Monday, Dec 01, 2003

**CRUISE**

Make us your homepage


## 5 minuteherald

**Traffic | Weather**

**Sections**

News
Business
Sports
Entertainment
Tropical Life
Health
Home & Garden
Travel
Education
Opinion
Columnists
Corrections
City Guide

**Find it Fast**

Calendar
Dave Barry
Dolphins
Photo Gallery
Obituaries
Action Line
Lottery
Horoscopes
Comics
Contests
Today's Front Page

**Site Tools**

Webcams
Message Boards
Maps & Directions
Yellow Pages

**Shopping**

Jobs
Cars
Homes
Classifieds
Newspaper Ads
Special Sections

**Services**

Archives
News by Email
Subscribe

Posted on Thu, Sep. 04, 2003

# Photo lab workers sue Eckerd for overtime pay
**Associated Press**

**FORT MYERS, Fla. -** A group of photo lab managers has sued Eckerd drug stores for failing to pay overtime wages.

Five former and current Eckerd photo lab employees argue that overtime work "is a common occurrence" at Eckerd but the company has a policy of not paying overtime to photo lab managers and supervisers.

The policy, the suit claims, violates the federal Fair Labor Standards Act - which says employees must be paid time and a half for the hours they work over 40 a week - and the wage and hour laws of Florida and other states. The employees want the suit to be designated a class action, allowing other Eckerd photo-lab employees to join in the suit.

The suit was filed July 15 in Lee Circuit Court and moved by Eckerd to U.S. District Court on Aug. 27.

In a response for the company, attorneys Susan L. Dolin and Michael A. Pancier wrote that the employees who are suing were salaried workers and weren't due overtime. They said the five "never worked in excess of 40 hours in any given workweek during the time period relevant" to the suit.

The suit was filed by Eckerd photo lab employee Rhonda Kline of Lehigh Acres and former photo lab employees Lance Teblum, Bernadette Teblum and Nancy Civitarese of Cape Coral and Joyce Brindle of Bonita Springs. The employees argue in the suit that they worked for years without receiving overtime pay.

Lance Teblum, for example, was a photo lab supervisor from 1996 to 1997 and a photo-lab manager for the past two years, the suit says. Teblum and the others never supervised two or more full-time employees and therefore were not exempt from being paid overtime, the suit claims.

» Emplo

career

• Find a Jc
• Post a R
• Post a Jc

» Autom

• Find a Ca
• Sell a Ca
• Weekly S

» Real E:


**Rea**

• Find a H
• Find an A
• Moving F

» Local S

• Search C
• See This
  Sales
• Online C
• Place an

Featured

• Find a Lc
• Meet Sor
• Find a H
• Book Air
  Vacations

**Financ**
DowJone



11
DJIA
NASDAQ
S&P 500
CCL
AN
LEN
12 46 PM E
Market l
          C
View

**EXHIBIT**
**B**

Place an Ad
Site Index
Contact Us
More Herald Services
**Partners**
El Nuevo Herald
Street
Gay South Florida
Top Vacation Picks
More Partners

**WISH BOOK**

Help those in need.

**›› Here's how**



**PHOTO GALLERY**



**›› View today's photos**
**›› More photos**

**This Week's Sales**

**Search for Ads:**

**Using:**

any word



**Browse Categories:**
**Real Estate & Rentals (60)**
**Automotive & Vehicles (48)**
**Dining & Entertainment (43)**
**Apparel & Jewelry (14)**
**Home Improvement & Gardening (6)**
**Gifts (6)**
**Home Accessories (5)**
**Education & Training (5)**
**Click here for more...**

**E-Mail Alerts !**

Get the latest store sales
and specials from
The Miami Herald
delivered to your
desktop!

The plaintiffs are demanding they be paid the overtime they are due as well as damages, attorney's fees and court costs. The suit also asks the court to bar Eckerd from engaging in illegal employment practices.

Attorney Bill B. Berke of Cape Coral, who represents the plaintiffs, declined comment Wednesday.

Eckerd spokeswoman Tami Alderman defended the company.

"While I can't comment on any ongoing litigation, I can tell you that Eckerd complies with all state and federal laws pertaining to wage and hour administration," Alderman said.

---

Information from: News-Press, http://www.news-press.com

 
email this | print this



PE
OF

Celebrity
"Pocahon
being comp
» Brow



News | Business | Sports | Entertainment | Tropical Life | City Guide | Shopping | Jobs | Cars
About Herald.com | About the Real Cities Network | Terms of Use & Privacy Statement | About
Copyright





## Register

| | |
|---|---|
| **Homepage** | Class action status is being sought in a lawsuit filed against Eckerd drug stores on behalf |
| **Frequently Asked Questions** | photo lab managers who claim that they were not paid overtime wages. The plaintiffs clai that the overtime work ``is a common occurrence,' however the company's policy does n pay for the overtime hours, which is a violation of the federal Fair Labor Standards Act. Th |
| **Terms of Service** | suit is seeking payment of overtime hours worked, as well as damages, attorney's fees ar court costs, and changes to Eckerd's employment policies. |
| **Privacy Policy** | |
| **About the Company** | Class action status is being sought in a lawsuit filed against Eckerd drug stores on behalf |
| **Employment** | photo lab managers who claim that they were not paid overtime wages. |
| **Contact Us** | If you feel you qualify for damages or remedies that might be awarded in this class action please fill out the form below. |

**If your injustice does not match the complaint described above, please <ins>click her</ins> register your complaint. Thank you.**

**Your injustice**

Fields marked * are required.

| | |
|---|---|
| Defendant:<br>(who caused the harm?) | **\*Eckerd Drug Stores (failure to pay overtime)** |
| Date of injustice: | |
| * Title:<br>(describe the nature of your<br>complaint in one short sentence) | |
| * Details of complaint:<br>(briefly describe the damages<br>you have suffered) | |
| Do you know others who may<br>wish to participate in this<br>class action? | ○ Yes   ● No |
| ' Have you ever contacted a<br>lawyer about this? | ○ Yes   ○ No |
| * Are you currently working<br>with a lawyer on this? | ○ Yes   ○ No |

**Your information**

Fields marked * are required.

| | |
|---|---|
| * First name: | |
| * Last name: | |

| | |
|---|---|
| * Email address: | |
| * Confirm Email address: | |
| * Day time phone: | |
| Evening phone: | |
| Fax: | |
| * Address: | |
| * City: | |
| * State/Prov: | Please Select: |
| * Country: | Please Select: |
| * Zip/Postal Code: | |
| How did you find this website? | Please Select: |

**DISCLAIMER:**
**By submitting this form you are agreeing to the following:**

1. You confirm that the information you have provided is true and accurate, and not given for the purpose of harassment.
2. You acknowledge that you are not engaging Online Legal Services Ltd. to give you legal advice.
3. You agree that Online Legal Services Ltd. may forward this information to an attorney or law firm, and that they may contact you at the address and contact numbers that you have supplied.
4. You agree that Online Legal Services Ltd. is in no way responsible for the advice, actions or inactions of the attorneys or law firms that may contact you.
5. You understand that registering a complaint on this website in no way implies an attorney-client relationship or attorney-client privilege.
6. You understand that use of the information you submit on this site is governed by our Privacy Policy.
7. You understand that Online Legal Services Ltd. in no way guarantees any satisfaction, justice or compensation for your complaint.
8. You understand that Online Legal Services Ltd. does not offer any opinion whatsoever concerning the merits of any claim you might have, and encourages you to also contact other counsel if you intend to pursue any claims, which you should do promptly to avoid having your case barred by the statute of limitations.

Please read our complete Terms of Service.

* ☐ I have read and agree to the Disclaimer and Terms of Service.



It is a free service to submit your complaint on this website.

Homepage

© 2001-2003 Online Legal Services Ltd. All Rights Reserved.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

ARLENE M. STONE,                        CASE NO. 94-6932-CIV-GOLD
    on behalf of herself and            Magistrate: Ted E. Bandstra
    all other present and former
    employees similarly situated,

        Plaintiff,

vs.

FIRST UNION CORPORATION,                **PLAINTIFF'S NOTICE OF**
    Charlotte, N.C., and                **SUBMISSION OF SECOND**
FIRST UNION CORPORATION OF              **AMENDED "NOTICE OF RIGHT**
    FLORIDA, and                        **TO OPT-IN"**
FIRST UNION NATIONAL BANK OF
    FLORIDA,

        Defendants.
_____/

        Plaintiff, Arlene M. Stone, hereby submits the Second Amended
"Notice of Right to Opt-in".

        1. On December 21, 1998, Plaintiff submitted forms, including
the "Notice of Right to Opt-in" that had been amended to comply
with the Court's October 8 and December 2, 1998 Orders.

        2. FUNB voiced concerns about the form of Notice submitted.

        3. The attached Notice is a result of the parties' compromise
respecting those concerns.   The "To" section was deleted,
subparagraphs (a) and (b) on page one and the first paragraph on
page two were re-worded.

        4. The Notice will be distributed as soon as FUNB provides
names and addresses it has been compiling since October.

( with attachment )



Blumberg No. 5208   EXHIBIT   C

Respectfully submitted,

*Brenda J. Carter*

JACK SCAROLA                    BRENDA J. CARTER
Fla. Bar No. 169440             Fla. Bar No. 0857289
DAVID J. SALES                  Attorney for Plaintiffs
Fla. Bar No. 794732             1451 West Cypress Creek Road
SEARCY DENNEY SCAROLA           Suite 300
BARNHART & SHIPLEY, P.A.        Fort Lauderdale, FL 33309
Attorneys for Plaintiffs        Tele:  (954) 489-2718
2139 Palm Beach Lakes Blvd.     Fax:   (954) 977-4608
West Palm Beach, FL 33402
Tele:  (561) 686-6300
Fax:   (561) 684-5816

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was sent by U.S.
Mail to RICHARD T. WOULFE, ESQ., Bunnell, Woulfe, Kirchbaum,
Keller, Cohen & McIntyre, Attorneys for Defendants, P.O. Drawer
030340, Fort Lauderdale, FL 33303-0340; and to J. THOMAS
KILPATRICK, ESQ., and CHRISTINE M. MACIVER, ESQ., Alston & Bird,
Attorneys for Defendants, One Atlantic Center, 1201 West Peachtree
St., Atlanta, GA 30309-3424, on this 11ᵗʰ day of January, 1999.

*Brenda J. Carter*

BRENDA J. CARTER

2

## NOTICE OF RIGHT TO OPT-IN

**RE:**   Action for age discrimination in employment brought under the provisions of the Age Discrimination in Employment Act (ADEA) against First Union National Bank of Florida

**FROM:**  Attorneys for Plaintiffs.

This action was brought by a former employee of First Union National Bank, Arlene Stone, on behalf of herself and all other present and former employees similarly situated.

The affected employees:

(a)   **are or were employed by a bank in Florida that was acquired by First Union National Bank (FUNB) between January 1, 1991 and June 30, 1994; and**

(b)   **were age forty (40) or more when FUNB acquired their bank; and**

(c)   **were demoted, or involuntarily discharged, or not rehired, or laid-off, or otherwise suffered adverse employment actions between February 4, 1992 through June 30, 1994 because they were over the age of forty (40).**

If this description applies to you, **PLEASE READ THE FOLLOWING NOTICE CAREFULLY.**

The Plaintiff, Arlene Stone, maintains that FUNB discriminated against her and others similarly situated based upon their age -- over forty (40) -- in violation of the ADEA and state law.   The complaint alleges FUNB discriminated in terms and conditions of employment, including demoting, failing to train, failing to afford the same employment opportunities as afforded those under the age of forty, and by involuntarily terminating employment.

FUNB, however, contests these claims.

Plaintiffs seek damages including back-pay, an equal amount in liquidated damages, compensatory damages for mental anguish, professional embarrassment, reinstatement, attorneys' fees and costs, and other relief as provided by law.

If you meet the criteria set forth in subparagraphs (a), (b), and (c) on page 1 of this Notice and you wish to have any rights you may have litigated in this case, you should have your Consent to be a Party Plaintiff filed with the Clerk of the Court.

It is entirely your decision whether or not to join this action and become a party plaintiff.  If you elect to join, you may prefer to be represented by the attorneys who are currently representing the plaintiffs, or you may get another attorney.

Plaintiffs are currently represented jointly by:

Brenda J. Carter
1451 West Cypress Creek Rd., Ste 300
Fort Lauderdale, FL 33309
(954) 489-2718

and by

Jack Scarola and David Sales
Searcy Denney Scarola
Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Blvd.
West Palm Beach, FL 33409
(561) 686-6300
(800) 780-8607

If you wish the above firms to represent you, or if you want additional information from them, you should contact them directly.  They can provide you with a Consent To Be A Party Plaintiff form, and you will have the opportunity to discuss with them in detail the nature of the case, including attorneys' fees, together with other obligations you may incur.

If you file a consent through another attorney, your Consent should be under the caption of the original complaint, and should contain your name, address, telephone number, date of signing, and your signature, along with the statement:  "I hereby consent to be a party plaintiff in this case."

If you **do** decide to join this action by having a Consent form filed on your behalf, you will be bound by the judgment of this Court on all issues of this case, whether it is favorable or unfavorable to you.

If you **do not** join this action by having a Consent form filed on your behalf, you will not receive any back wages or other relief from this case if the plaintiffs prevail here.  You would have to bring your own independent action within the time provided by law or you will waive any right to compensation that you might have.

2

The applicable Statute of Limitations does not stop running until your Consent form is filed with the Clerk of the Court.

Your decision on whether or not to join this action should be made promptly.  Unless a Consent form is actually filed on your behalf with the Clerk of the Court on or before March _____, 1999 [45 days after mailing notice], you will not be permitted to join this case.

The law prohibits anyone from discriminating or retaliating against you if you choose to take part in this case.

By: _____

Brenda J. Carter, one of Ms. Stone's attorneys


_____

Jack Scarola, one of Ms. Stone's attorneys


The contents of this Notice have been reviewed by the United States District Court for the Southern District of Florida, the Honorable Alan S. Gold, District Judge, who has also authorized its mailing.  However, the Court has taken no position yet regarding the merits of the plaintiffs' case or of First Union National Bank's defenses.

This Notice is for the sole purpose of determining the identity of those who wish to proceed with any rights they may have in this class action case.

3

## NOTICE OF RIGHTS

TO:   **ALL CURRENT AND FORMER PHOTO-LAB MANAGERS AND/OR PHOTO-LAB SUPERVISORS EMPLOYED BY ECKERD CORPORATION WHO:**

    (1)   **WERE EMPLOYED WITH ECKERD CORPORATION ON OR AFTER JULY 14, 2000; AND**

    (2)   **WERE EMPLOYED AS:**

        **(A) PHOTO-LAB MANAGERS; OR**
        **(B) PHOTO-LAB SUPERVISORS; AND**

    (3)   **WORKED OVER FORTY (40) HOURS IN ANY GIVEN WORK WEEK SINCE JULY 14, 2000, FOR WHICH WORK OVERTIME COMPENSATION IN THE AMOUNT OF TIME AND ONE HALF WAS NOT PAID.**

RE:   **THE RIGHT TO OPT-IN TO A LAWSUIT TO RECOVER WAGES FOR UNPAID OVERTIME, WHICH LAWSUIT HAS BEEN FILED PURSUANT TO THE FAIR LABOR STANDARDS ACT AGAINST ECKERD CORPORATION.**

This notice contains important information concerning your rights under the Fair Labor Standards Act as a result of your employment with Eckerd Corporation ("Eckerd").

A lawsuit has been filed against ECKERD in the United States District Court for the Middle District of Florida by Lance Teblum, Bernadette Teblum, Joyce Brindle f/k/a Joyce Cunliffe, Nancy Civitarese and Rhonda Kline, ("Plaintiffs"), on behalf of themselves and all other similarly situated current and former ECKERD employees.

The affected employees are:

ALL CURRENT AND FORMER PHOTO-LAB MANAGERS AND/OR PHOTO-LAB SUPERVISORS EMPLOYED BY ECKERD CORPORATION WHO:

    (1)   WERE EMPLOYED WITH ECKERD CORPORATION ON OR AFTER JULY 14, 2000; AND

    (2)   WERE EMPLOYED AS:

        (A) PHOTO-LAB MANAGERS; OR
        (B) PHOTO-LAB SUPERVISORS; AND



EXHIBIT

D

(3)   WORKED OVER FORTY (40) HOURS IN ANY GIVEN WORK WEEK SINCE JULY 14, 2000, FOR WHICH WORK OVERTIME COMPENSATION IN THE AMOUNT OF TIME AND ONE HALF WAS NOT PAID.

If this description applies to you, **PLEASE READ THE FOLLOWING NOTICE CAREFULLY.**

The Plaintiffs claim that during one or more weeks of their employment with ECKERD, they worked in excess of forty (40) hours and were not paid overtime compensation in the amount of one and one half times their regular rate of pay. They claim that Eckerd's failure to pay such overtime is a violation of the Fair Labor Standards Act. They are suing to recover overtime compensation, as well as liquidated damages, attorney's fees, and costs. ECKERD, however, contests these claims, asserting that it pays its photo-lab supervisors and photo lab managers pursuant to a Department of Labor authorized fluctuating work week agreement.  Eckerd also contends that the Plaintiffs are employed in positions that are exempt from the overtime provisions of the Fair Labor Standards Act.

If you meet the criteria set forth above and you wish to have any rights you may have litigated in this case, you must sign the attached consent form and file it with the Clerk of the Court. An envelope has been provided for your return of this form should you elect to do so. The consent form can be filed on your behalf by an attorney of your choice, or you can mail the form yourself to:

The United States District Court
Middle District of Florida
Fort Myers Division
Attention: Clerk of Court
2110 First Street
Ft. Myers, Florida 33901

It is entirely your decision to join this action and become a party plaintiff. Your decision on whether or not to join this action should be made promptly. Unless a consent form is actually received by the Clerk of the Court on or before _____, 2004 [90 days from Court Order], you will not be permitted to join this case.

This Notice is for the sole purpose of determining the identity of those who wish to be involved in this case and has no other purpose. There is no assurance at this time that the Court will grant any relief, or if granted, the nature or amount of the relief.

If you **do** decide to join this action by having a consent form filed on your behalf or by mailing the consent form to the Clerk of Court, you will be bound by the judgment of this Court on all issues in this case, whether it is favorable or unfavorable to you. While the suit is proceeding,  you may be required to provide information, sit for depositions, and testify in court in Fort Myers, Florida.  Plaintiffs' attorneys will receive a part of any money judgment entered in favor of Plaintiffs.

As an opt-in Plaintiff, you may be required to bear a proportional share of some or all of the costs of this suit if the Plaintiffs do not prevail. These costs may include: court costs, travel for Plaintiffs' attorneys and witnesses, costs incurred for taking depositions, including travel, costs for possible experts, costs for copying and assembling documents, and costs for notifying possible plaintiffs of their right to opt into this suit. This list is not exhaustive, and there may be other costs you will be asked to bear, including some or all of Eckerd's costs. If Plaintiffs prevail in this action, some or all of their costs may be taxed against Eckerd.

If this case is found to be presented for an improper purpose, not warranted by law, or without factual support, under Rule 11 of the Federal Rules of Civil Procedure, you may be required to pay some or all of Eckerd's attorneys' fees.

If you elect to join, you may prefer to be represented by the attorneys who are currently representing the Plaintiffs, or you may select an attorney of your own choosing.

The Plaintiffs are currently represented by Bill B. Berke, Esquire, with Berke & Lubell, P.A., in Cape Coral, Florida. If you wish to have this firm represent you, or if you want additional information from them, you should contact them directly. Their contact information is found below.

If you file a separate consent form through another attorney, your consent should be under the caption of the original complaint, and should contain your name, address, telephone number, date of signing, and your signature, along with the statement: "I hereby consent to be a party Plaintiff in this case."

If you **do not** join this action, you will not receive any back wages or other relief from this case if the Plaintiffs prevail on their claims. You would have to bring your own independent action within the time provided by law or you will waive any right to compensation that you might have.

The content of this Notice has been reviewed by the Honorable John E. Steele, United States District Judge, who has authorized its mailing. However, the Court has taken no position regarding the merits of the Plaintiffs' case or of Eckerd's defenses.

Berke & Lubell, P.A.
Counsel for Plaintiffs
1003 Del Prado Blvd.
Suite 300
Cape Coral, FL  33990-3601
Tel:  239-549-6689 Fax:  239-549-3331

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION
Case No. 2:03-CV-495-FtM-29DNF

LANCE TEBLUM, BERNADETTE TEBLUM,
JOYCE BRINDLE *f/k/a* JOYCE CUNLIFFE,
NANCY CIVITARESE, RHONDA KLINE,

      Plaintiffs,

v.

ECKERD CORPORATION OF FLORIDA, INC.,
and ECKERD CORPORATION,

      Defendants.

_____/

## CONSENT TO BECOME A PARTY PLAINTIFF

      I hereby consent to become a party plaintiff in the above-styled collective action,

filed under the Fair Labor Standards Act.


      My contact information is as follows:

      Name:_____

      Address:_____

      _____

      Phone: _____

                     Respectfully submitted,


                  _____
                           Signature

              Date:_____