# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FT. MYERS DIVISION

**LANCE TEBLUM, BERNADETTE TEBLUM, JOYCE BRINDLE, NANCY CIVITARESE, and RHONDA KLINE,**

        **Plaintiff,**

-vs-                                                                      Case No.  2:03-cv-495-FtM-33DNF

**ECKERD CORPORATION OF FLORIDA, INC., ECKERD CORPORATION,**

        **Defendant.**

_____/

**EDWARD J. DIMMERLING,**

        **Plaintiff,**

vs.                                                                        Case No. 2:03-cv-673-FtM-29DNF

**ECKERD CORPORATION,**

        **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

On March 15, 2005, the Court entered an Order (Doc. 645) which required the Plaintiff Rhonda Kline to show cause in writing why she should not be dismissed from this action for failure to allow her deposition to be taken.  Pursuant to Federal Rule of Civil Procedure 37(d), "[i]f a party . . . fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice . . . the court in which the action is pending on motion may make such orders in regard to the

failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule." On February 18, 2005, the Defendants filed a Motion to Compel the Deposition of Rhonda Kline and Motion to Strike the Pleadings of Said Plaintiff[1] (Doc. 638), based upon Rhonda Kline failing to appear for her deposition. The Court granted the portion of the Motion involving Rhonda Kline, and ordered Rhonda Kline to show cause why she should not be dismissed from this action for her failure to appear for deposition. Counsel for Rhonda Kline filed a Response (Doc. 648) which stated that he wrote a letter asking Ms. Kline to contact him after she failed to appear for her deposition. Counsel eventually received an e-mail with a new address and telephone number. Counsel attempted to contact Ms. Kline by telephone on several occasions, but was unable to do so. Counsel has now moved to withdraw as counsel for Ms. Kline.

Rule 37(b)(2)(C) provides that a Court may sanction a party who fails to appear for a deposition by "striking out pleadings or parts thereof, or . . . or dismissing the action." The Court is cognizant that even though it has broad discretion to fashion appropriate sanctions, its discretion is not unbridled. *U.S. v. Certain Real Property Located at Route 1*, 126 F.3d 1314, 1317 (11th Cir. 1997), *citing*, *Malautea v. Suzuki Motor Co.,* 987 F.2d 1536, 1542 (11th Cir. 1993), and *Wouters v. Martin County*, 9 F.3d 924, 933 (11th Cir. 1993). The decision to dismiss a party or strike a claim should be used only as a last resort for willful noncompliance with discovery orders or bad faith. *U.S. v. Certain Real Property*, 126 F.3d at 1317. Ms. Kline failed to appear for her deposition and has failed to keep in contact with her attorney and the Court. Counsel for the Defendants cannot prepare

---

[1] The Motion also included Co-Plaintiff Nancy Civitarese, however the issues involving Ms. Civitarese have been resolved.

for his case against Ms. Kline without being able to depose her. It appears that Ms. Kline has abandoned her claim in this matter.

Therefore, it is respectfully recommended that the District Court strike Ms. Kline's claims from all pleadings, and dismiss her from this action.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Respectfully recommended in Chambers in Ft. Myers, Florida this April __4th__, 2005.

_____
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies:

All Parties of Record