UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LANCE TEBLUM, BERNADETTE TEBLUM,
JOYCE BRINDLE, f/k/a Joyce Cunliffe,
NANCY CIVITARESE, et. al.,

        Plaintiffs,

vs.                     Case No.   2:03-cv-495-FtM-33DNF

ECKERD CORPORATION OF FLORIDA, INC.,
and ECKERD CORPORATION,

        Defendants.
_____/

**ORDER**

This matter comes before the Court upon Plaintiffs' Motion to Consolidate Motion for Summary Judgment and Request for Oral Argument (Doc. # 709), which was filed on September 28, 2005. Defendant filed its Expedited Response in Opposition (Doc. # 711) on October 5, 2005.[1]  Defendant has also filed a motion to continue trial (Doc. # 713).

Plaintiffs seek to consolidate the cases of Teblum et al. v. Eckerd Corporation 2:03-cv-495-FTM-33DNF and Rodrique et al. v. Eckerd Corporation 2:03-cv-519-FTM-33SPC only for the purpose of

---

[1] In an order dated September 30, 2005, this Court required that Defendant file a response to the motion to consolidate on or before October 3, 2005 (Doc. # 710). Defendant filed its response out of time, on October 5, 2005 (Doc. # 711). Defendant has filed an emergency motion requesting that this Court consider its untimely response (Doc. # 712).  The Court has considered Defendant's response in rendering the instant ruling.  Thus, Defendant's emergency motion (Doc. # 712) is **GRANTED.**

this Court's consideration of the ripe summary judgment motions filed in each case.[2]

Federal Rule of Civil Procedure 42(a), which governs consolidation, provides that:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions . . . to avoid unnecessary costs or delay.

The decision to consolidate is within the discretion of the Court's inherent power "to control the disposition of the causes on its docket." In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)); see also Young v. Augusta, Ga., 59 F.3d 1160, 1168 (11th Cir. 1995); Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)). Further, the Eleventh Circuit has "encouraged trial judges to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." Id. (internal citations omitted). "When cases are consolidated pursuant to Fed.R.Civ.P. 42(a), the district court must take care to ensure that the trial of the consolidated actions will be conducted in a manner which does not prejudice the rights of the parties." Dempsey v. Mac Towing, Inc., 876 F.2d 1538, 1545 (11th Cir. 1989) (citing Hendrix, 776 F.2d at 1495). A decision

---

[2] Although Plaintiff also seeks consolidation of oral argument, this Court has not elected to conduct oral argument in the cases sub judice.

to consolidate under Rule 42(a), Fed.R.Civ.P., will not be disturbed unless it constitutes a clear abuse of discretion.  Id.

Defendant has cited several Eleventh Circuit cases in its response in opposition to the motion to consolidate; however, the cases cited by Defendant explain the manner in which similarly situated Plaintiffs may opt into a FLSA case pursuant to 29 U.S.C. § 216(b), which is an issue completely separate from the issue at bar concerning consolidation of two FLSA actions.[3]  This Court finds the analysis in Young to be more instructive on the issue of case consolidation. 59 F.3d at 1168.  In Young, the plaintiff moved to consolidate two 42 U.S.C. § 1983 cases involving jail abuse, and the court denied the motion to consolidate.  The plaintiff appealed the court's decision to deny consolidation, inter alia, and the decision to deny consolidation was upheld on appeal due to the permissive nature of Fed.R.Civ.P. 42.  Despite upholding the trial

---

[3] Among other similar cases, Defendant cites Prickett v. Dekalb County, 349 F.3d 1294, 1296 (11th Cir. 2003), which, inter alia, states:

> An FLSA action for overtime pay can be maintained by "one or more employees for an in behalf of himself or themselves and other employees similarly situated." However, the prospective plaintiffs under FLSA must expressly consent to join the class, because § 216(b) contains this provision: "No employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought." Because of this opt-in requirement, FLSA plaintiffs may not certify a class under Rule 23.

(Internal citations omitted)

court's decision to deny consolidation, the Eleventh Circuit provided a detailed analysis of the consolidation issue, and noted that consolidation of the two cases in Young would have been appropriate. The Court noted:

> District court judges in this circuit have been urged to make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion. Consolidation of the present case with [another case] certainly would have made sense. Counsel for the parties is the same in both cases. The actions were filed approximately one month apart, both were assigned to the same district judge and they have followed a similar course of development.

Id. (Internal citations omitted).

As was the case in Young, this Court notes that the Teblum and Rodrique actions are being tried by the same set of attorneys, were filed around the same time, have both been assigned to the undersigned for disposition, and have proceeded similarly so far. Most importantly, the Teblum and Rodrique cases are grounded in the same legal question: Did Defendant violate FLSA mandates in its overtime compensation practices, particularly in its application of the Fluctuating Work Week. Though the Teblum case involves Eckerd photo lab managers and the Rodrique case involves Eckerd assistant store managers, this Court finds that the cases are not so factually dissimilar as to render consolidation unreasonable.

Thus, the Court finds that the two cases share common facts and legal issues and should be consolidated. The consolidation will be limited at this point, however, to this Court's

consideration of the summary judgment motions filed in the two cases <u>sub judice</u>. The parties may raise the issue of consolidation for trial after the summary judgment phase, if necessary.

In addition, Defendant has moved for a continuance of the trial in the Teblum case as well as in the Rodrique case. Defendant informs the Court that counsel for Defendant is suffering from health problems. Defendant's motion states that Plaintiff agrees to the continuance of the trial as long as the motion to consolidate is granted. As this Court has granted the motion to consolidate in the instant order, it is fair to say that the motion for a continuance is unopposed. Defendant failed to state in the motion the length of the continuance sought. This Court finds that a 60 day continuance is warranted as to all impending deadlines in this case.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Plaintiffs' Motion to Consolidate Motion for Summary Judgment and Request for Oral Argument (Doc. # 709), is **GRANTED** to the extent that the motions for summary judgment in the Teblum case and the Rodrique case are consolidated.

2. Defendant's Emergency Motion for Leave to File Response Out of Time (Doc. # 712) is **GRANTED.**

3. Defendant's Motion to Continue Trial (Doc. # 713) is **GRANTED** to the extent that all deadlines in this case are continued for a 60 day period.

4. The Clerk is directed to file this Order in Rodrique et al. v. Eckerd Corporation 2:03-cv-519-FTM-33SPC.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 7th day of October, 2005.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All counsel of record