```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

LANCE TEBLUM, BERNADETTE TEBLUM,
JOYCE BRINDLE, f/k/a Joyce Cunliffe,
NANCY CIVITARESE, et. al.,

                Plaintiffs,
vs.                            Case No.  2:03-cv-495-FtM-33DNF

ECKERD CORPORATION OF FLORIDA, INC.,
and ECKERD CORPORATION,

                Defendants.
_____/

**ORDER**

This matter comes before the Court upon Plaintiffs' Motion for Leave to File for Partial Summary Judgment (Teblum Doc. # 745; Rodrique Doc. # 282); Plaintiffs' Motion to Amend This Court's Order of February 7, 2006 to Include a 28 U.S.C. § 1292(b) Certification (Teblum Doc. # 750), and the parties' Joint Motion to Approve Settlement Agreement (Teblum Doc. # 765; Rodrique Doc. # 299).[1]

---

[1] This case has been consolidated with the case of Rodrique et al. v. Eckerd Corporation 2:03-cv-519-FTM-33SPC for the purpose of deciding summary judgment, and parallel motions have been filed in the Teblum and Rodrique cases.  It should be noted that the Rodrique Plaintiffs never filed a motion equivalent to Plaintiffs' Motion to Amend This Court's Order of February 7, 2006 to Include a 28 U.S.C. § 1292(b) Certification (Teblum Doc. # 750), filed in the Teblum case.  It is this Court's understanding that the Plaintiffs in the Rodrique case intended to file such a motion, but failed to do so due to oversight.  This notion is supported by the fact that the Rodrique Plaintiffs filed a motion for extension of time in which to file such motion (Rodrique Doc. # 284), and Defendants in the Rodrique case filed a motion for extension of time to respond to Plaintiffs' motion to amend to include a 28 U.S.C. § 1292(b) certificate. (Rodrique Doc. # 295).   This Court
                                                                                   (continued...)

**Background**

On February 7, 2006, this Court entered an Order that denied Defendant Eckerd Corporation's Motion for Summary Judgment. (Teblum Doc. # 735; Rodrique Doc. # 272). The Order applied to the Teblum Plaintiffs and the Rodrique Plaintiffs, including Edward Dimmerling, as these cases were consolidated for summary judgment purposes. These Fair Labor Standards Act opt-in cases included approximately 4,696 plaintiffs in all.

The Order evaluated whether Eckerd's plan for compensating employees under the Fluctuating Work Week method (FWW) complied with the FLSA. The FWW has been codified at 29 C.F.R. §778.114.[2]

---

[1](...continued)
will proceed as if such motion had been filed in both cases.

[2] The operative language of the Regulation states:

An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing

(continued...)

The summary judgment Order, pursuant to the Eleventh Circuit case of <u>Davis v. Friendly Express, Inc.</u>, 2003 WL 21488682, at *1 (11th Cir. 2003), stated that a valid FWW plan must meet the following five elements: (1) the employee's hours fluctuate from week to week; (2) the employee receives a fixed weekly salary which remains the same regardless of the number of hours the employee works during the week; (3) the fixed amount is sufficient to provide compensation at a regular rate not less than the legal minimum wage; (4) the employer and the employee have a clear mutual understanding that the employer will pay the employee a fixed salary regardless of the number of hours worked; and (5) the employee receives a fifty percent (50%) overtime premium in addition to the fixed weekly salary for all hours worked in excess of forty (40) during the week.

The Court denied Eckerd's motion for summary judgment because the Court determined that there was a material issue of fact as to whether Defendant met element (5). There is a material issue of fact as to whether Defendant paid the plaintiffs a 50% overtime bonus in addition to the fixed weekly salary because the Defendant

---

[2](...continued)
the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.

added non-productive time (time not worked by the employee) into the equation which determined employee overtime. (Teblum Doc. # 735 at 25-29; Rodrique Doc. # 272 at 25-29).

After the Court entered the Order denying summary judgment, Plaintiffs filed both a motion for leave to file a motion for partial summary judgment and a motion to amend the Court's summary judgment Order to include a certificate of appealability under 28 U.S.C. § 1292(b) so that the case may be appealed to the Eleventh Circuit. After full briefing on the above motions, the parties reached a partial settlement. The parties have moved the Court to approve their settlement as required by the Eleventh Circuit.

## I. Joint Motion to Approve Settlement Agreement

On April 12, 2006, the parties reported that they settled all issues related to Defendant's payment of overtime. (Teblum Doc. # 764; Rodrique Doc. # 299). The parties' settlement agreement states as follows:

1. Subject to district court approval, the Defendant shall pay to the Plaintiffs in the above referenced case the amount of $156,000.00 inclusive of all alleged unpaid overtime, and liquidated damages, for a three year period (preceding the filing of the respective lawsuits) as they pertain to the issues of Eckerd's inclusion of non-productive time in its overtime calculations. The Defendant shall pay to Plaintiffs' counsel, $144,000.00 as attorneys' fees and costs as they pertain to the issues of Eckerd's inclusion of non-productive time in its overtime calculations. In the event that the district court determines that the attorneys' fee and costs should be less than $144,000.00, any remaining monies shall revert back to the Plaintiffs in the above cases pro rata.

2. The monies shall be distributed as follows within 30 days of the Court's Order approving this settlement.
   a. Each named Plaintiff remaining in this lawsuit shall be paid the sum of $1,000.00 less applicable withholding; and
   b. The remaining qualified plaintiffs, who shall be defined as those Plaintiffs, named and opt-in plaintiffs, whose pay was impacted by Eckerd's inclusion of non-productive time in its overtime calculation, shall receive an equal share of $150,000.000 (and any reversion, if applicable).
3. The parties agree that this resolution shall not constitute an admission of liability by Defendant that (1 is has violated any provisions of the FLSA; 2) it has acted willfully, or 3) Plaintiffs are entitled to liquidated damages.  Rather the parties agree that this is a compromise of a disputed claim for which Eckerd denies all liability.
4. The parties agree that this agreement may not be used in any proceeding or trial or to prove any alleged wrongdoing by Eckerd as to the remaining claims that may exist under the above referenced cases.
5. The parties agree that should the Plaintiffs prevail in the remaining matters not settled herein, that the Defendant is entitled to an offset as to the damages and fees which have been actually paid pursuant hereto.
6. The parties agree that the settlement proceeds payable to the qualified Plaintiffs will be distributed to them after Court approval net of applicable taxes and withholding.  Within ten days of Court approval, the Plaintiffs' counsel shall provide a list of qualified plaintiffs, their last known address and social security number and the amount of proceeds to be distributed to that plaintiff.
7. The parties agree that they do not waive any claims or defenses with respect to the pending motions or any further proceedings in this matter which are available to them under law.
8. The signatories for the Plaintiffs hereby aver that they have full and complete authority to sign on behalf of the Plaintiffs and the opt-in Plaintiffs.
9. This settlement is subject to Court approval as required by law.  See Lynn's Foods.

    10. Acceptance of monies under the Agreement constitutes a complete release by qualified Plaintiffs, their heirs, successors, or assigns, of all claims pertaining to Eckerd's inclusion of non-productive time in its overtime calculations under the fluctuating work week method including, without limitation, the calculation of bonuses and other compensation.

    11. Defendant's payment of obligation shall be abated in the event an appeal is taken from the terms of this agreement whether by judgment or otherwise.

(Teblum Doc. # 764-2; Rodrique Doc. # 299-2).

The Eleventh Circuit requires district court approval of any settlements reached in FLSA cases concerning claims for back wages. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982)("When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.").

The Court finds that the settlement fairly and reasonably resolves the disputed issues in this matter and, considering all the circumstances in the case, is a reasonable compromise. Accordingly, the parties joint motion to approve the settlement agreement (Teblum Doc. # 765; Rodrique Doc. # 299) is **GRANTED**.

**II. Plaintiffs' Motion for Leave to File Motion for Partial Summary Judgment**

Plaintiffs seek an Order allowing them to file an untimely motion for partial summary judgment. (Teblum Doc. # 745; Rodrique Doc. # 282).

The Plaintiffs have had ample opportunity to assert their arguments within the parameters of a summary judgment motion and have failed to do so. The deadline for filing dispositive motions has come and gone, and it would be prejudicial to allow the tardy motion Plaintiffs seek to file at this juncture. In addition, the Court is of the opinion that allowing Plaintiffs to pursue a dispositive motion after one round of summary judgment has been completed would be unfair to Defendant, as, in the instance that the motion to file for partial summary judgment were granted, the Plaintiffs would have an unfair advantage having had the benefit of this Court's detailed ruling.

Accordingly, upon due consideration, Plaintiffs' motion for leave to file a motion for partial summary judgment is **DENIED**.

**III. Plaintiffs' Motion to Amend Summary Judgement Order**

Plaintiffs seek an order amending this Court's Order of February 7, 2006 to include a 28 U.S.C. § 1292(b) Certification.

The Supreme Court has decreed that orders denying summary judgment are not appealable. Switz. Cheese Ass'n. Inc. v. E. Horne's Mkt., Inc., 385 U.S. 23, 25 (1966)("the denial of a motion for summary judgment because of unresolved issues of fact does not settle or even tentatively decide anything about the merits of the claim.") See also Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478, 482 (1978); Ala. v. United States Army Corps of Eng'Rs., 424 F.3d 1117, 1129 (11th Cir. 2005). Each of these cases echo the

firmly held judicial policy against piecemeal appeals. This principle was well stated in Switzerland Cheese:

> A district judge's orders advancing a case to trial ought not be critically examined and re-examined by the cumbersome method of appeal before he has approached the stage of adjudication . . . . I believe this an intolerable burden for us, an improper and uncertain interference with trial court discretion, and a confusing invitation to indiscriminate appeals in the future--all contrary to settled law against piecemeal appeals.

385 U.S. at 25 (citing Peter Pan Fabrics, Inc. v. Dixon Textile Corp., 280 F.2d 800, 805 (2nd Cir. 1960)(Clark, J., dissenting).

If a trial court enters an order from which appeal is not permitted pursuant to 28 U.S.C. § 1292(a)[3], such as an order denying summary judgment, the court has the option of including a 28 U.S.C. § 1292(b) certification, which would allow the order to be appealed.[4]

---

[3] 28 U.S.C. § 1292(a) defines the jurisdiction of the federal courts of appeals and lists the specific types of orders from which appeals may be taken.

[4] 28 U.S.C. § 1292(b) states:
When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Even if the Court were to amend its Order denying summary judgment to include a 28 U.S.C. § 1292(b) Certificate, the Eleventh Circuit would be under no obligation to consider the appeal. <u>Tidewater Oil Co. v. United States</u>, 409 U.S. 151, 167 (1972)(application of 28 U.S.C. § 1292(b) "subject to the judgment and discretion of the district court and the court of appeals.") <u>See</u> <u>also</u>, <u>McFarlin v. Conseco Servs.</u>, 381 F.3d 1251, 1259 (11th Cir. 2004) ("the court of appeals has discretion to turn down a § 1292(b) appeal.  And we sometimes do so.  The proper division of labor between the district courts and the court of appeals and the efficiency of judicial resolution are protected by the final judgment rule, and are threatened by too expansive use of the § 1292(b) exception to it.").

Indeed, the Eleventh Circuit has enunciated a strong presumption against interlocutory appeals. <u>See</u> <u>McFarlin</u>, 381 F.3d at 1259 ("Because permitting piecemeal litigation is bad policy, permitting liberal use of § 1292(b) interlocutory appeals is bad policy."); <u>United States v. One Parcel of Real Property</u>, 767 F.2d 1495, 1498 (11th Cir. 1985)(the presumption against interlocutory appeals explained in the context of the collateral order doctrine as presented in <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 541, 545-547 (1949)); <u>see</u> <u>also</u> <u>Carley v. Capital Group v. Deloitte & Touche, L.L.P.</u>, Civil Action File No. 1:97-CV-3183-TWT, 1999 U.S. Dist. LEXIS 1368, at *12 (N.D. Ga. January 19, 1999) (denying a

motion for a 28 U.S.C. § 1292(b) certification because "exceptional circumstances are required to justify a departure from the policy of postponing appellate review until after the entry of a final judgment").

In light of the strong presumption against piecemeal appeals and because Plaintiffs have not persuaded this Court that exceptional circumstances justifying departure from the policy of postponing appellate review until after the entry of a final judgment exist, this Court, acting within its discretion, declines to amend its Order to include a 28 U.S.C. § 1292(b) Certification. Accordingly, Plaintiffs' Motion to Amend This Court's Order of February 7, 2006 to Include a 28 U.S.C. § 1292(b) Certification (Teblum Doc. # 750) is **DENIED**.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. The parties' Joint Motion to Approve Settlement Agreement (Teblum Doc. # 765; Rodrique Doc. # 299) is **GRANTED;**
2. Plaintiffs' Motion for Leave to File for Partial Summary Judgment (Teblum Doc. # 745; Rodrique Doc. # 282) is **DENIED;**
3. Plaintiffs' Motion to Amend This Court's Order of February 7, 2006 to Include a 28 U.S.C. § 1292(b) Certification (Teblum Doc. # 750) is **DENIED;**
4. The Clerk is directed to file this Order in both the Teblum and Rodrique cases; and

5.  The Clerk is directed to terminate all pending motions and deadlines and to close this case.

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this <u>28th</u> day of April, 2006.

<u>/s/ Virginia M. Hernandez Covington</u>
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All counsel of record